IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LA BRANDON WASHINGTON,      §
     §
*Plaintiff*,      §
     §
v.      §      CIVIL ACTION NO. 4:23-cv-2781
     §
BP PRODUCTS NORTH AMERICA INC.      §
     §
*Defendant*.      §

## PLAINTIFF'S FIRST AMENDED COMPLAINT

La Brandon Washington ("Plaintiff") files this First Amended Complaint pursuant to

FED. R. CIV. P. 15(a)(2) (with the opposing party's written consent) against BP Products North

America, Inc., Daily Instruments Corporation d/b/a Daily Thermetrics Corporation, Matrix

Service Inc., Matrix Project Services, LLC, and Matrix Service Company ("Defendants") and

would respectfully show the Court the following:

**I.**

### NATURE OF THE CASE

1. Plaintiff brings this negligence and gross negligence action against Defendants

as a result of an incident that occurred on April 24, 2023.

**II.**

### PARTIES

2. Plaintiff La Brandon Washington is a resident of Louisiana.

3. Defendant BP Products North America Inc. ("BP") is a Texas resident and

maintains its headquarters in Houston, Texas. BP has appeared and answered and may be

served through counsel of record: Thomas W. Taylor, Georgia L. Lucier, and Raymond G. Randle, Jr., Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002.

4.      Defendant Daily Instruments Corporation d/b/a Daily Thermetrics Corporation ("Daily Thermetrics") is a California corporation with its principal place of business in Houston, Texas. This defendant may be served with process through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

5.      Defendant Matrix Service, Inc. is an Oklahoma corporation. This defendant conducts substantial business in Texas, and the incident forming the basis of this lawsuit arises from its business contacts with Texas. This defendant may be served with process through its registered agent: C T Corporation System, 1999 Bryan St. Suite 900, Dallas, TX 75201-3136 USA.

6.      Defendant Matrix Project Services, LLC is a company formed in Delaware. This defendant conducts substantial business in Texas, and the incident forming the basis of this lawsuit arises from its business contacts with Texas. This defendant may be served with process through its registered agent: C T Corporation System, 1999 Bryan St. Suite 900, Dallas, TX 75201-3136 USA.

7.      Defendant Matrix Service Company conducts substantial business in Texas, and the incident forming the basis of this lawsuit arises from its business contacts with Texas. This defendant may be served with process through its registered agent: C T Corporation System, 1999 Bryan St, Suite 900, Dallas, TX 75201.

8.      Defendants Matrix Service Inc., Matrix Project Services, LLC, and Matrix Service Company are referred to collectively herein as "Matrix."

**III.**

2

### JURISDICTION AND VENUE

9.      Courts in Texas have subject matter and personal jurisdiction over all Defendants because of their residency, citizenship, and business conducted in Texas. Each of Defendants' contacts in Texas gave rise to the incident forming the basis of this lawsuit.

10.     Venue is proper because Defendants are subject to personal jurisdiction in this district.

### IV.

### FACTS

11.     On or about April 24, 2023, Plaintiff was working at BP's Cherry Point Refinery when a bag of tools fell from height and struck him. The blow to his head and upper body resulted in serious injuries.

12.     BP did not take proper precautions, safely coordinate and supervise work, and maintain a safe work environment. As a result, without warning, the heavy bag of tools was dropped on Plaintiff while he was working.

13.     Daily Thermetrics and Matrix were conducting work above Plaintiff and monitoring the reactor where work was taking place at the time of the incident. Daily Thermetrics and Matrix failed to take basic precautions to prevent tools from falling and failed to warn Plaintiff of the dangers. Instead, Daily Thermetrics and Matrix suddenly dropped the heavy bag of tools on Plaintiff.

14.     BP's management in Houston failed to implement adequate safety procedures and other precautions in its oversight, direction, and control of the work at the Cherry Point Refinery. These failures exposed Plaintiff to hazards during his work and caused his injuries.

15.     Daily Thermetrics and Matrix likewise contracted with BP in Texas for work to be planned and performed in part in Texas that ultimately led to the incident where Plaintiff was harmed.

16.     As a direct and proximate result of BP, Daily Thermetrics, and Matrix's acts and omissions, Plaintiff suffered severe and debilitating injuries, pain, and distress, including injuries to his head, neck, shoulders, and other parts of his body. Plaintiff also sustained emotional injuries. Plaintiff has been unable to work. All of Plaintiff's injuries are ongoing and in all likelihood are permanent.

**V.**

**CAUSES OF ACTION**

*A.     Negligence and Gross Negligence against BP, Daily Thermetrics, and Matrix*

17.     Plaintiff repeats and realleges each allegation contained above.

18.     Plaintiff sustained injuries when Defendants BP, Daily Thermetrics, and Matrix committed negligent and grossly negligent acts and omissions, including the following:

a.     failure to warn of hazards;

b.     failure to provide proper instructions;

c.     failure to properly train employees;

d.     failure to properly supervise employees;

e.     failure to maintain a safe work environment;

f.     failure to properly supervise work being performed;

g.     failure to coordinate work;

h.     failure to provide warnings of dangerous conditions;

i.     failure to monitor hazards;

4

j.     failure to inspect equipment;

k.     failure to secure equipment;

l.     failure to delineate safe zones;

m.     failure to properly inspect the premises;

n.     failure to implement adequate safety policies and procedures;

o.     failure to ensure safety systems were adequate and functional;

p.     violations of applicable rules, regulations, and standards;

q.     vicariously liable for the acts and omissions of their employees and agents; and

r.     other acts deemed negligent and grossly negligent.

19.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe injuries to his body, which resulted in physical pain, impairment, and other medical problems. Plaintiff also suffers from discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has suffered a loss of earnings in the past and a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

20.    In addition, Plaintiff is entitled to punitive or exemplary damages because Defendants' aforementioned actions were grossly negligent. Defendants acted with flagrant and malicious disregard for Plaintiff's and others' health and safety. Defendants were objectively and subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff

and others. Defendants had actual, subjective awareness of the risk and consciously disregarded the risk. Accordingly, Plaintiff is entitled to exemplary damages.

## VI.

### DAMAGES

21.    As a result of Defendants' negligence and gross negligence, Plaintiff has suffered and seeks recovery for his damages, including the following:

   a. Compensatory damages;

   b. Actual damages;

   c. Consequential damages;

   d. Exemplary damages;

   e. Past and future economic damages, including but not limited to lost wages;

   f. Past and future pain and suffering;

   g. Past and future mental anguish;

   h. Past and future impairment;

   i. Past and future disfigurement;

   j. Loss of household services;

   k. Pre-judgment interest;

   l. Post-judgment interest;

   m. Costs of court;

   n. All other relief to which Plaintiff is justly entitled, either at law or in equity.

## VII.

### JURY TRIAL DEMAND

22.    Plaintiff hereby demands a trial by jury on all claims.

## VIII.

### PRAYER

23.    Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ John Grinnan*
Kurt B. Arnold
Fed ID No. 36185
Texas Bar No. 24036150
karnold@arnolditkin.com
J. Kyle Findley
Attorney-in-Charge
Fed ID No. 1322711
Texas Bar No: 24076382
kfindley@arnolditkin.com
John G. Grinnan
Fed ID No. 2081424
Texas Bar No: 24087633
jgrinnan@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record through the Court's e-filing system on this 17th day of October 2024.

*/s/ John Grinnan*
John Grinnan