**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LA BRANDON WASHINGTON** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:23-cv-2781** |
| | § | |
| **BP PRODUCTS NORTH AMERICA** | § | |
| **INC.,** *et al.*, | § | |
| **Defendants.** | § | |

### DEFENDANTS MATRIX SERVICES, INC, MATRIX PROJECT SERVICES, LLC, MATRIX SERVICE COMPANY, BP PRODUCTS NORTH AMERICA, INC. AND DAILY INSTRUMENTS CORP. D/B/A DAILY THERMETRICS CORP'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE A RESPONSIBLE THIRD PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, MATRIX SERVICES, INC, MATRIX PROJECT SERVICES, LLC, MATRIX SERVICE COMPANY, BP PRODUCTS NORTH AMERICA, INC., AND DAILY INSTRUMENTS CORP. D/B/A DAILY THERMETRICS CORP (collectively "Defendants" or by individual name) file this Brief in Support of their Motion for Leave to Designate a Responsible Third Party. In support of said motion, Defendants would respectfully show the Court as follows:

1.      In determining whether good cause exists to modify a scheduling order, the Fifth Circuit has applied a four-part test to guide its analysis. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The four applicable factors are: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). As shown in further detail below, the four-part test weighs in favor of permitting Defendants to file the Motion for Leave to Designate a Responsible Third Party. Defendants address each factor in order.

**A. Explanation for Failure to Adhere to Deadline.**

2.      Simply put, Defendants operated under a misunderstanding of the applicability of Chapter 33 of the Texas Civil Practices & Remedies Code, which permits the filing of a motion to designate "on or before the 60th day before the trial date." TEX. CIV. PRAC. & REM. CODE § 33.011(6). Defendants understand, however, that the November 7, 2025 deadline for pretrial motions in the Docket Control Order for this matter controls, and as such, the Motion is procedurally untimely. Importantly, all other factors favor Defendants being permitted to file the Motion.

**B. The Importance of the Proposed Modification.**

3.      The importance of Defendants' Motion for Leave to Designate a Responsible Third Party cannot be overstated. Workplace accidents of this nature always necessarily involve evaluation of all parties' conduct. Even more pertinent is an evaluation of the conduct of an injured worker's direct employer considering their non-delegable duty to provide adequate training and protection for their employees. As is argued in further detail within the Motion itself, Intertek arguably failed to live up to its responsibilities in this regard, thus contributing to cause the incident that forms the basis of this lawsuit. Specifically, Intertek was responsible for: (a) its employees – including Plaintiff; (b) complying with all applicable health, safety, security, and environmental laws; (c) ensuring the equipment it owned and operated was safe per federal, state, and local regulations; and (d) ensuring that its employees were properly trained, including safety training.

4.      Furthermore, the parties have scheduled the deposition of Plaintiff's designated liability expert, Benjamin G. Gibson, for February 13, 2026. In his report, Gibson points to simultaneous operations having been conducted within the reactor as at least playing some role in causing the incident. Those simultaneous operations include Intertek's work within the reactor,

among others, and it is expected that Gibson's deposition will address Intertek in detail, especially with regard to its participation in simultaneous operations. Again, assessing workplace accidents always involves an evaluation of all parties' conduct. Here, evaluating the conduct of Intertek is of the utmost importance.

5.　　Fifth Circuit courts have found that a modification of a scheduling order is important when it "directly affects [a party's] prospects of ultimate recovery." *The Richards Grp., Inc. v. Brock*, No. 3:06-CV-0799, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008)). Apportionment of fault to a responsible third party inherently affects a party's prospects of ultimate recovery.

6.　　Here, Defendants do not seek to substantially modify the current scheduling order, nor are Defendants seeking to change the landscape of this lawsuit moving forward. Instead, Defendants simply request the ability to include Intertek on the jury charge of this case, allowing the ultimate trier of fact to properly apportion fault on all entities involved in the work being conducted when the incident occurred. To say nothing of what the jury may ultimately determine, it is in the interest of justice that Intertek's name be submitted to the jury for them to have the option to allocate Intertek its share of liability. This case should be tried on the merits based on the full extent of admissible evidence and not on procedural "gotchas" from Plaintiff, which includes Intertek's role in contributing to cause the incident. The inherent importance of Defendants' Motion weighs in favor of permitting it to be filed and ruled upon.

**C. Potential Prejudice.**

7.　　There will be no prejudice to Plaintiff if Intertek's name is allowed on the jury charge. As stated above, Defendants are not seeking to conduct *any* additional, new discovery related to the present Motion, nor are Defendants altering substantive arguments at trial. Intertek

was timely disclosed, and their involvement in the work at the Cherry Point Refinery has been well known to all parties since the early stages of discovery and has come up in virtually every deposition that has occurred. Plaintiff has been aware of Defendants' argument, and it is not expected that Plaintiff will need to adjust his anticipated prosecution of this case in any way.

8. In fact, the only prejudice currently at play is the prejudice that would be faced by Defendants should the issue of Intertek's involvement in causing the accident not be submitted to the jury. Thus, the third factor of the Court's test favors permitting the Motion.

**D. The Availability of a Continuance.**

9. Defendants do not seek a continuance, and such is not needed. Again, Defendants do not wish to conduct additional discovery not already scheduled, and the current dates and deadlines for this case should remain as set. Thus, this factor weighs in favor of Defendants' Motion.

## CONCLUSION AND PRAYER

In light of the above, Defendants respectfully request that, after considering the factors holistically, the Court allow the filing of Defendants' Motion for Leave to Designate a Responsible Third Party in the interest of justice. Although procedurally untimely pursuant to the scheduling order, the importance of the motion itself, the lack of prejudice to Plaintiff, and the fact that no additional delay would be caused by the Motion all favor permitting the Motion to be file and that Intertek's name be included on the jury charge for this case. Defendants further pray for all other and further relief, at law or inequity, to which they may be justly entitled.

Respectfully submitted,

/s/ *David Dennenberg *by permission*
Kelly C. Hartmann
State Bar No. 24055631
Federal I.D. No. 777411

khartmann@gallowaylawfirm.com
Andrew S. Krone
State Bar No. 24086872
Federal I.D. No. 2590236
akrone@gallowaylawfirm.com
David J. Dennenberg
State Bar No. 24120798
ddennenberg@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,**
**DAILY INSTRUMENTS CORPORATION**
**D/B/A DAILY THERMETRICS CORPORATION**

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER &**
**EASTHAM, PLLC**

*/s/Andrew Z. Schrek    *signed by permission*
Andrew Z. Schrek
Texas Bar No: 17813250
Fed. I.D. No: 12929
aschrek@sbsb-eastham.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

**ATTORNEYS FOR DEFENDANTS MATRIX**
**SERVICES, INC. MATRIX PROJECT SERVICES,**
**LLC AND MATRIX SERVICE COMPANY**

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Jason Yacuk*
Jason Yacuk
Texas Bar No: 24028150
Fed. I.D. No: 27724
jyacuk@thompsoncoe.com
Stephen J. Romeo

Texas Bar No. 24129717
Fed. I.D. No: 3917167
sromeo@thompsoncoe.com
4400 Post Oak Parkway
Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299


**HUNTON ANDREWS KURTH LLP**
Georgia L. Lucier
Texas Bar No. 24043523
Federal Bar. No. 589122
georgialucier@huntonak.com
Raymond G. Randle, Jr.
Texas Bar No. 24004873
Federal Bar No. 23155
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4772
Facsimile: (713) 238-7403

**ATTORNEYS FOR DEFENDANT BP PRODUCTS
NORTH AMERICA, INC.**


## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.


*/s/ Jason M. Yacuk*
Jason M. Yacuk